■ BENNETT BROTHERS, INC., Respondent, v. FLOYD BENNETT FARMERS MARKET CORPORATION et al., Appellants.— Order, entered on September 7, 1962, unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Order, entered on September 20, 1962, granting plaintiff's motion to punish defendants for contempt of court, unanimously modified, in the exercise of discretion, to the extent of reducing the fine to $100 and the costs and expenses to $250, and is otherwise affirmed, without costs. In the light of the nature of the acts constituting the contempt and the other pertinent circumstances, we conclude that the fine imposed and the costs assessed were excessive and should be reduced. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ DJALMA S. WOLFSON, Appellant, v. F. H. McGRAW & COMPANY, INCORPORATED, et al., Respondents.— Order, entered on November 28, 1962, directing a reference on the issue of the service of process and staying plaintiff from issuing execution on a default judgment entered against the corporate defendant in the sum of $109,786.50, unanimously modified, on the law and on the facts, by striking out the provision for a private reference and remanding the issue to Special Term where it may be decided expeditiously and without extraordinary impingement on the regular business of the court, and, as so modified, affirmed, with $20 costs and disbursements to plaintiff-appellant. It was an improvident exercise of discretion in the circumstances to order a reference. It is the general policy of the courts in this Department not to extend the scope or occasion of references, in the absence of consent of the parties, or of special circumstances meriting such action. No special circumstances appear here. (Matter of Wilder v. Straus-Duparquet, 5 A D 2d 1.) However, in the event defendants will waive the question of service and consent to appear within five days on such terms, if any, as Special Term may fix, the default will be opened without further proceedings. Concur — Rabin, J. P.; McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and SHELDON POST et al., Respondents.— Order, entered on September 5, 1962, denying motion to stay arbitration, unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and a hearing ordered. Appellant, MVAIC, moved to stay arbitration until there was determination after a hearing by the court that the accident involved contact with an uninsured vehicle. Appellant claims no such contact was involved. Special Term correctly held that such an issue requires a hearing (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310; Matter of Motor Vehicle Acc. Ind. Corp. [Downey], 11 N Y 2d 995), but held that the affidavits did not set forth sufficient evidentiary facts to raise an issue. Where the facts are peculiarly within the knowledge of one party, a slight degree of proof is sufficient to raise an issue. Under this test, the proof submitted was ample, in fact it exceeded that submitted in Matter of Rosenbaum (supra). Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.